Colcock, J.
It has been repeatedly decided by., this court that the garnishee cannot take advantage of any errors or irregularities in the proceedings against the'absent debtor. The protection which the law has furnished to the property of the absent debtor is intended for his benefit, and not that of a third person. The bond which the law requires is to shield him from unjust suits; if he, therefore, does not think-fit tp • complain that the bond has not been taken in conformity with the requisitions of the act, why should any other be. permit» ted to do so ? (1 M‘ Cord 116.) But it is said the act declares the attachment void, if the bond be not taken in double the sum to be attached; and that the bond not being so taken, the court, is bound on motion of any one to set aside the. judgment, and dismiss the attachment as a mere nullity. The court is riot bound to set aside a judgment on any ground of error or irregularity, as already stated,except at the instance of the defendant. A judgment is not. void because it is erro» neous. If it be rendered by a court of competent jurisdiction, it must remain until arrested or reversed, (See 2 Dane’s Am. Dig. 635. sec. 9 where the authorities are all referred to.) This principle was recognised in the case of Kemps, Lesse, vs. Kennedy, (5 Cranch 173,) by Chief Justice Marshall; and Hawkins, (2 Vol. Chap. 29, sec. 40,) says, an erroneous judgment is not void but voidable by writ of error. This word “void,” when used in a legislative act, on such a subject as the one embraced in this act, is to be understood synoni-mously with “voidable,” that is, it will be declared void on pleading. In 5 Rep. 119, in Whelp dale’s case, it is said when an act of parliament says that a deed, &c. shall be void;, it is intended that it shall be, by pleading; so that it is voidable but not actually vacated.
The motion is granted.